

Shane P. Simon
Phone: (215) 972-7160
shane.simon@saul.com
www.saul.com

*Via ECF*
June 5, 2026

Hon. Georgette Castner, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Newark, NJ 08608

   RE: *Jennings et al. v. Waste Management of New Jersey, Inc.* Case No. 3:26-cv-03132

Dear Judge Castner,

   Per Your Honor's Procedures, Defendant Waste Management of New Jersey, Inc. d/b/a Waste Management ("WMNJ") submits this letter to request a pre-motion conference regarding WMNJ's anticipated motion to dismiss Plaintiffs' Complaint and motion to strike Plaintiffs' class allegations.[1]

## I. Background Facts and Procedural History

   Plaintiffs filed this class-action matter against WMNJ alleging, incorrectly, that WMNJ "owns and operates" the Monmouth County Reclamation Center landfill (the "Landfill").  Compl. ¶ 15.  However, the Landfill is actually owned by Monmouth County (the "County").  In fact, in October of 2020, counsel representing Plaintiffs in this matter filed a nearly identical class action against the County in state court.  See Bateman et al. v. Monmouth County et al., Dkt. No. MON-L-003167-20 (the "Bateman Class Action").

   Plaintiffs' decision to now target WMNJ in this new case appears to be a result of a March 2021 Landfill Facility Service Agreement between the County and WMNJ.  But that Agreement did not alter ownership of the Landfill in any way.  Final decision-making authority regarding the Landfill's operation vests, as it always has, with the County.  Despite WMNJ's limited role and lack of ownership of the Landfill, Plaintiffs bring this putative class action against WMNJ only and assert claims for private nuisance, public nuisance, and negligence.  For the reasons set forth below, WMNJ intends to move to dismiss the Complaint, in its entirety, and to strike Plaintiffs' class allegations.

## II. Basis for WMNJ's Anticipated Motion to Dismiss

### 1. The Complaint Fails to Name a Necessary Party—the County.

   Under Federal Rules of Civil Procedure 12(b)(7) and 19, a case must be dismissed if a plaintiff fails to name a necessary party who is "indispensable" but whose addition would destroy diversity jurisdiction.  See, e.g., Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 319 (3d Cir. 2007)

---

[1] Given the number of claims asserted, in addition to class allegations, WMNJ offers an abbreviated discussion of its arguments in this letter in order to comply with Your Honor's three-page limit.  Should Your Honor desire additional clarification regarding any of WMNJ's arguments, WMNJ is glad to provide an additional letter or briefing.

Page 2

(explaining that "a finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction"); <u>Thurston Law Offices LLC v. Rue</u>, No. 24-CV-11533-ESK-MJS, 2026 WL 1179813, at *7 (D.N.J. Apr. 30, 2026) (granting motion to dismiss where nonparty was necessary and indispensable).  Here, Plaintiffs failed to name the County as a defendant despite filing a nearly identical odor class action against the County in 2020.[2]  Public statements by the County confirm both its ownership and operation of the Landfill,  including the County's "goal" of "track[ing] and document[ing] odor concerns to better understand and minimize them."[3]  The County – and not WMNJ – maintains an established complaint hotline and offers an online odor report form, and the information received therefrom is "reviewed by **Monmouth County** staff and entered into a tracking system used to analyze odor complaints and environmental conditions."[4]  Given this, WMNJ will move to dismiss under Rule 12(b)(7) and 19.

### 2.    **Plaintiffs Fail to State a Claim**

WMNJ will also move to dismiss under Rule 12(b)(6) for *at least* the following reasons:

**Negligence**: Plaintiffs fail to state a claim for negligence because, at a minimum, they do not allege any physical property damage.  <u>See</u> <u>Flynn v. Shell Chem. Appalachia, LLC</u>, No. 2:24-CV-00193-MJH, 2024 WL 4664830, at *3 (W.D. Pa. Nov. 4, 2024) ("[W]ithout sufficient allegations of property damage caused by dust permeating Plaintiff's residence and averments demonstrating a nexus between said permeation and diminution in property value, the Amended Complaint fails to state a claim for negligence."); <u>Lloyd v. Covanta Plymouth Renewable Energy, LLC</u>, 517 F. Supp. 3d 328, 332 (E.D. Pa. 2021) ("Absent any allegations of physical damage to her property, plaintiff has not sufficiently pleaded a claim for negligence."); <u>Rowe v. E.I. Dupont De Nemours & Co.</u>, 262 F.R.D. 451, 465 (D.N.J. 2009) (denying certification on negligence claim where the plaintiffs' allegation of unspecified contamination, without more, was not an actual injury). Plaintiffs' negligence claim is also barred by the economic loss doctrine.

**Nuisance**: WMNJ will move to dismiss Plaintiffs' private and public nuisance claims because WMNJ did not create any alleged nuisance. A defendant is not liable for a nuisance when the defendant neither created the nuisance nor controlled the independent, third person who did.  <u>See</u> <u>Camden Cty. Bd. of Chosen Freeholders v. Beretta U.S.A. Corp.</u>, 123 F. Supp. 2d 245, 266-67 (D.N.J. 2000), <u>aff'd</u>, 273 F.3d 536 (3d. Cir. 2001).  For the reasons set forth above, WMNJ does not control the Landfill and, as a result, did not create the alleged nuisance or control any conduct by the County that may have caused such nuisance.  WMNJ also intends to move to dismiss Plaintiffs' private nuisance claim for failure to plead the requisite "significant harm" required under the Restatement of Torts. <u>See</u> <u>Seven Plus One, LLC v. Sellers</u>, No. A-4688-14T2, 2016 WL 6994346, at *6 (N.J. Super. Ct. App. Div. Nov. 29, 2016) ("There is liability for a nuisance only to those to whom it causes significant harm."); <u>Boteach v. Socialist People's Libyan Arab Jamahiriya</u>, 759 F. Supp. 2d 548, 552 (D.N.J. 2010) (granting motion to dismiss private nuisance claim where the plaintiffs alleged ongoing harm, yet waited years to file suit, explaining that "it is simply not plausible that a party would wait

---

[2]     The <u>Bateman</u> Class Action could very well present statute of limitations issues for Plaintiffs pending information obtained in discovery in this case regarding when Plaintiffs allege the purported interference with their property began.

[3]     Monmouth County Commissioner Director Statement, <u>available at</u> https://mcrcnj.com/commissioner-director-arnone-update-february-3rd-2026/ (Feb. 3, 2026).  The County also maintains a website regarding the Landfill wherein the County (and not WMNJ) provides updates.  <u>See</u> https://mcrcnj.com/updates/.

[4]     <u>See</u> Monmouth County Commissioner Director Statement, <u>supra</u> note 3 (emphasis added).

Page 3

ten years to assert a *significant harm*" (emphasis in original)). Similarly, WMNJ will seek dismissal of Plaintiffs' public nuisance claim for failure to allege the requisite "special injury." In re Lead Paint Litig., 924 A.2d at 498-99; D'Amico v. Waste Mgmt. of New York, LLC, No. 6:18-CV-06080 EAW, 2019 WL 1332575, at *4 (W.D.N.Y. Mar. 25, 2019) ("[T]he mere possibility that there has been a "substantial interference" with the public's right to clean air does not satisfy federal pleading standards); D'Amico v. Waste Mgmt. of New York, LLC, No. 6:18-CV-06080 EAW, 2019 WL 4259549 at *5 (W.D.N.Y. Sept. 9, 2019).

**Punitive Damages**: Plaintiffs do not (and cannot) plead sufficient facts to meet New Jersey's punitive damage statute, which requires "actual malice" or "wanton and willful disregard." See N.J. Stat. Ann. § 2A:15-5.12. Those terms appear nowhere in the Complaint, and no facts alleged warrant an inference that WMNJ's conduct supports a claim for punitive damages under New Jersey law.

### III.    Basis for WMNJ's Motion to Strike Plaintiffs' Class Allegations

WMNJ will also move to strike Plaintiffs' class allegations under Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D) given that the Complaint itself demonstrates that the requirements for a class action cannot be met. See Barabin v. Aramark Corp., 210 F.R.D. 152, 162 (E.D. Pa. 2002) (granting motion to strike class allegations), aff'd, 2003 WL 355417 (3d Cir. Jan. 24, 2003); Williams v. Bristol-Myers Squibb Co., No. 22CV6097 (EP) (JRA), 2023 WL 8852040, at *1 (D.N.J. Dec. 18, 2023) (same). Under Rule 23, "[i]f proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." In re Hydrogen Peroxide Antitrust Litig., 552 F.3d at 311. For this reason, "[m]ass environmental tort cases seldom satisfy the predominance requirement of Rule 23(b)(3)." Covanta, 585 F. Supp. 3d at 657.

In similar odor class action cases, courts have declined to grant class certification because, among other things, causation and damages must be decided on a property-by-property basis. See id. ("[T]he court finds that individualized determinations of causation, fact of damage, and extent of injury, considering the complex factors that affect odor impact, would overwhelm any common issues of Covanta's conduct."); see also Ictech-Bendeck v. Waste Connections Bayou, Inc., 349 F.R.D. 106 (E.D. La. 2025) (holding that the plaintiffs did not establish predominance due to factors like "the variation in Plaintiffs' alleged injuries and preexisting conditions, the extent of individual circumstances contributing to determinations of specific causation per Plaintiff, and the prevalence of other odor sources, amongst others"); Sines v. Darling Ingredients Inc., No. CV 19-19121, 2023 WL 3841741, at *6 (D.N.J. June 6, 2023) (denying class certification where adequacy, ascertainability, predominance were not met).

The same is true here. The face of the Complaint makes clear that causation and damages for each and every Plaintiff within the purported class area will require individualized factfinding at every turn. For example, for each property, the Court would have to conduct "mini-trials" on causation and damages to evaluate other potential odor sources, what concentration of odor, if any, impacted the property, and conduct extensive analysis of each Plaintiffs' property's value. Common issues of fact do not predominate over individual ones, which is fatal to Plaintiffs' class allegations, as plead.

Respectfully submitted,

*/s/ Shane P. Simon*
Shane P. Simon