# LIDDLE SHEETS P.C.

975 E. Jefferson Avenue
Detroit, MI 48207-3101
www.LSCcounsel.com

Steven D. Liddle
Laura L. Sheets
Matthew Z. Robb
D. Reed Solt
Trenten J. Ingell

Telephone
(313) 392-0015
(800) 536-0045

**Via CM/ECF**
Hon. Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey
Clarkston S. Fisher Building & U.S. Courthouse
402 East State Street
Newark, New Jersey 08608

Re:     *Jennings, et al. v. Waste Management of New Jersey, Inc.* – Case No. 3:26-cv-03132

Dear Judge Castner:

Pursuant to your Honor's Individual Rules and Procedures, Section II, Plaintiffs provide this letter response in opposition to Defendant's request to file a Motion to Dismiss Plaintiffs' Complaint and Strike the Class allegations on the pleadings.

## I.    Factual Background

This action arises from persistent, overwhelming, and widespread odor emissions caused by Defendant Waste Management of New Jersey's ("Defendant") unreasonable operation and maintenance of the Monmouth County Reclamation Center Landfill ("Landfill") in Tinton Falls.[1] Since Defendant began operating the Landfill in 2021, the Landfill has been the subject of more than 900 odor complaints. (¶42). More than 40 residential households in the proposed Class Area have contacted Plaintiffs' Counsel to report the disgusting odors that have repeatedly invaded their homes, preventing their ordinary use and negatively impacting values. (¶43-44). More than 1,300 residents have joined a private Facebook group to address complaints and concerns about "the Dump." (¶46-47). Defendant's odors have been independently verified by public authorities. (¶45).

As Defendant acknowledges, Waste Management took over operation and maintenance of the Landfill from Monmouth County in 2021.[2] While this landfill privatization may stand to save the County millions on an annual basis, Waste Management's operation and maintenance has come at great cost to the property rights of Plaintiffs and their neighbors, who bear the brunt of its odors.

---

[1] Plaintiffs clearly allege that Defendant leases, operates, and maintains the Landfill, and Plaintiffs do not dispute that Defendant leases the Landfill for a profit from Monmouth County. (Doc. 1, ¶1). Ownership, however, is not dispositive. See *State of N.J., Dep't of Env't Prot. & Energy*, 821 F. Supp. 999, 1012 (D.N.J. 1993).
[2] https://www.co.monmouth.nj.us/documents/70/Tinton_Falls_MCRC_Monthly_report_March_April2021.pdf

1

II.    **Plaintiffs' Points and Authorities in Opposition to Defendant's Proposed Motion to Dismiss.**

1.    **Monmouth County Is Not a Necessary or Indispensable Party to Afford Complete Relief.**

Focused on a desired outcome (dismissal), Defendant sidesteps the Rule 19 analysis entirely. For Monmouth County to be a required party, the Court must consider whether, in the County's absence, "the court cannot accord complete relief among existing parties[.]" FRCP 19(a)(1)(A). Here, the Court can accord complete relief between Plaintiffs, the proposed class, and Waste Management, which is allegedly responsible for operating and maintaining the Landfill in an unreasonable manner that has caused a nuisance impacting Plaintiffs' homes. Monetary damages may be provided in whole without any involvement from the County.

Defendant's only argument to support the necessity of joining the County is that it receives and tracks odor complaints from residents about odors from the Landfill. Performing an ordinary public function of this nature does nothing to establish the necessity of Monmouth County's involvement in this action or facts that would prevent complete relief among the existing parties.

2.    **Plaintiffs' Complaint Squarely Alleges Viable Claims for Nuisance and Negligence.**

**Nuisance** – Plaintiffs' complaint, which must be accepted as true, alleges that Waste Management's derelict operation and maintenance of the Landfill since 2021 has caused the nuisance.[3] It is of no moment that Monmouth County owns the Landfill. It is well-established that, "[t]he one who creates or contributes to the creation of the nuisance is generally liable for that nuisance." *State of N.J., Dep't of Env't Prot. & Energy v. Gloucester Env't Mgmt. Servs., Inc.*, 821 F. Supp. 999, 1012 (D.N.J. 1993). The fact that Waste Management does not own the "***landfill site does not undermine a nuisance claim.***" *Id.* (emphasis added). Lack of ownership serves as no basis for dismissal where Waste Management has operated and maintained the Landfill since 2021.

Plaintiffs have alleged "significant harm," including specific allegations from the Plaitniffs that "[we] can't sit outside on our own balcony, can't open the sliding door or windows on nice days. Embarrassed when family or friends stop by. Can't BBQ. The smell is horrific, disgustingly putrid." (¶44). In a similar odor nuisance case, this Court held in a published decision that "[t]hese allegations are sufficient to raise Plaintiffs' private nuisance claim above a speculative level, and therefore, it survives dismissal at this time." *Sines v. Darling Ingredients Inc.*, No. CV 19-19121 (CCC), 2020 WL 5015488, at *4 (D.N.J. Aug. 25, 2020). The same is true here.

**Negligence** – Citing Pennsylvania law, Defendant argues that Plaintiffs' alleged injury to the use, enjoyment, and value of their homes is not sufficiently "physical" to plead cognizable damages to support a negligence claim. Unlike some interpretations of Pennsylvania law,[4] New Jersey law does not impose a predicate physical injury requirement to pursue a negligence claim.

---

[3] Plaintiffs do not allege that any of the odors they have experienced were caused by Monmouth County's mere *ownership* of the Landfill. Defendant is not at liberty to rewrite Plaintiffs' complaint.

[4] Not even Pennsylvania Law is settled on this point, or on the applicability of the economic loss doctrine. See *Franci v. Chambers Dev. Co., Inc.*, No. 2:24-CV-800, 2024 WL 5119389, at *10 (W.D. Pa. Dec. 16, 2024)

Rather, "[i]n order to recover for the alleged negligence of another, plaintiff must plead and prove actual loss or damage." *Ayers v. Jackson Twp.*, 189 N.J. Super. 561, 567 (Law. Div. 1983). "[R]egardless of the analysis one might urge and the consequent label attached, ***be it nuisance, trespass or negligence***, the issue here should logically depend on whether the offending landowner somehow has made a negligent or unreasonable use of his land when compared with the rights of the party injured on the adjoining lands." *Burke v. Briggs*, 239 N.J. Super. 269, 274, 571 A.2d 296, 299 (App. Div. 1990). As stated by this Court in *Sines* in denying a similar motion to dismiss, "the risks posed by the noxious odors alleged are great and extensive, as they may negatively impact the health and safety of Plaintiffs and putative class members and their private property rights." *Sines*, 2020 WL 5015488, at \*4. Plaintiffs have alleged actual loss and damage here.

**Punitive Damages –** Defendant's request to "dismiss" Plaintiffs' allegation of punitive damages is procedurally improper and substantively premature. As stated in *Sines*, "Gross negligence and negligence claims consist of the same elements: duty, breach, causation, and injury." *Sines*, 2020 WL 5015488, at \*5. "Gross negligence differs from negligence in terms of degree rather than ... quality, requiring proof of wanton or reckless disregard for the safety of others.'" *In re Paulsboro Derailment Cases*, No. 12-7468, 2015 WL 5028301, at \*8 (D.N.J. Aug. 18, 2015) (marks omitted). Like *Sines*, "Plaintiff's allegations regarding Defendant's knowledge of the harm caused by odor emission, its numerous permit violations, and Defendant's apparent inaction and thus apparent reckless disregard for the safety and well-being of Plaintiffs and putative class members raise this claim of gross negligence, above a speculative level and thus, the Court will allow this claim to go forward at this time." *Sines*, 2020 WL 5015488, at \*5.

### III.    Plaintiffs' Points and Authorities in Opposition to Striking the Class Allegations.

The Third Circuit has determined that there are only a "rare few [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93, fn. 30 (3d Cir. 2011). "***Particularly when a court considers predominance***, it may have to venture into the territory of a claim's merits and evaluate the nature of the evidence." *Id.* at 93 (emphasis added).

Defendant does not, and cannot argue, that Plaintiffs have failed to allege each element of Rule 23. Rather, it focuses on speculative theories that it claims may undermine predominance of common issues relating to damages. Defendant also ignores that Rule 23 expressly allows for certification of particular issues. See FRCP 23(c)(4). Defendant cannot sustain its burden of demonstrating that a class can never be certified as to any issues based on the complaint alone. Rather, despite dozens of attempts by similarly situated defendants over more than 25 years, ***Plaintiffs' Counsel at Liddle Sheets P.C. has never had class allegations stricken on the pleadings***. During that time, Plaintiffs' Counsel has won many contested class certification motions and has obtained class certification for settlement purposes on many dozens of others. Opining on the substantive merit of class certification without any record evidence is a futile exercise that should not be considered further.

Respectfully Submitted
*/s/ Laura L. Sheets*\*
Attorney for Plaintiffs
\*Admitted Pro Hac Vice

3
